[S. F. No. 2273.   Department Two.—August 7, 1902.]

## NICK DOLJANIN, Appellant, v. AUSTRIAN BENEVO-LENT SOCIETY OF SAN JOSE, Respondent.

BENEVOLENT SOCIETY—TRIAL AND EXPULSION OF MEMBER—VOID EXPULSION—DECREE OF COURT—TRIAL AND VERDICT UNAFFECTED—SUBSEQUENT EXPULSION.—Where the constitution of a benevolent society provided for the trial of an accused member before a trial committee upon notice, and for action upon their verdict and report, and for expulsion or other penalty by two thirds of the ballots cast, and a judgment of expulsion appearing upon the records to have been made by the ballots of a majority of the members present was declared void by a court of competent jurisdiction, and the expelled member was ordered reinstated to the extent that such membership existed immediately prior to such attempted expulsion, the judgment did not affect the validity of the trial and verdict, and a subsequent expulsion of the member by two thirds of the members present, without any new accusation or new trial, was valid and lawful.

ID.—RECONSIDERATION OF BALLOT.—A provision of the constitution prohibiting the reconsideration of a ballot once taken against an accused member has no application to a ballot which was unconstitutional and void, and which must be so treated for all purposes.

ID.—NOTICE TO MEMBER—TRIAL AND JUDGMENT.—Where the laws of the order provided for notice to the member of the trial, and gave opportunity for the cross-examination of witnesses, they are not defective in not providing for notice of the time of pronouncing judgment, and in providing that he should not be present when the ballot was taken for the judgment. Where the accused filed no exceptions, there was nothing left for the society to do except by their ballot to pronounce judgment, and notice at that stage could avail nothing.

APPEAL from a judgment of the Superior Court of Santa Clara County.   A. L. Rhodes, Judge.

The facts are stated in the opinion of the court.

H. A. Gabriel, and James H. Campbell, for Appellant.

James R. Lowe, and Charles Clark, for Respondent.

GRAY, C.—The plaintiff appeals from a judgment against him in an action brought to obtain a writ of mandate compelling defendant to reinstate plaintiff into the full *status* of membership in the respondent society.

The findings show that the appellant was duly tried before a trial committee of respondent upon charges duly preferred, and after notice duly given him, and that on said trial the committee found appellant guilty of several offenses against the laws of said society and recommended that he be expelled from the same. Said committee duly filed their report, findings, and recommendations, together with a transcript of the evidence taken before it, with the society on March 14, 1899. The plaintiff filed no exceptions to said report, findings, or recommendations within the time allowed by the laws of said society, or at all; and thereafter, on April 11, 1899, the society at a regular meeting took up and considered the said report, and took a ballot thereon, and the result of the ballot was then entered by the secretary of the society in its minutes, to the effect that the ballots of a *majority* of the members of the society then present was in favor of the expulsion of appellant from the society, and the appellant was thereupon treated by the society as expelled. All these proceedings were regular and in accordance with the laws of the society up to the vote of expulsion. The constitution of the society required a two-thirds affirmative vote of all the members present in order to expel a member. After this action of the society appellant applied to the superior court for a writ of mandate to compel the society to reinstate him to membership, and upon this application the court, after a hearing, "ordered, adjudged, and decreed that the vote of said society purporting to expel the petitioner from the society was void, and that the society immediately reinstate the petitioner to membership in said society, to the extent that such membership existed immediately prior to such attempted expulsion." The findings further state that thereafter, and "on June 27, 1899, a meeting of said society was duly and regularly held; that all the officers and a quorum of the members of the society were present; that the society, in pursuance of and in accordance with said judgment, set aside the order and the entry on the minutes of said society made on the eleventh day of April, 1899, purporting to expel said petitioner as a member of said society, and then and there reinstated said petitioner as a member of said society as of the time immediately preceding said alleged expulsion on the eleventh day of April, 1899; "that thereupon said society proceeded to consider the said report of said

trial committee that found that the said charges against said petitioner were true, and recommending his expulsion from said society; that thereupon a 'paper ballot' was duly had and taken by the members of said society then present, upon the question of sustaining the said report and recommendations, and expelling said petitioner from said society, and that more than two thirds of the ballots of said members of said society were then cast in favor of sustaining said report and recommendation, and of expelling said petitioner from said society; that the result of said vote and ballot was then accordingly announced by the president of the society, and the same and the proceedings of the society in said matter were duly entered in the minutes of the society; that thereby said petitioner was legally expelled from said society, and the secretary of the society was then ordered by the society to notify the petitioner of his expulsion, as aforesaid, from the society, and the notice was given accordingly.''

As conclusions of law, the trial court finds that said "Nick Doljanin was, by regular proceedings, duly and legally expelled from said Austrian Benevolent Society of San José, and is not entitled to be reinstated as a member of said society.'' The constitution of the society, after providing for the procedure for the preferment of charges, notice to the offending member, the selection of the trial committee, the trial itself, the report and verdict of the committee, notice thereof, and exceptions thereto by the accused, provides further, if no exceptions are filed within two weeks, the society shall proceed to pronounce judgment upon the verdict and affix the penalty, and shall decide by ballot whether it shall be expulsion, suspension, reprimand, or fine. The constitution further provides as follows: ''During the ballot the accused brother shall withdraw from the hall. If upon the ballot two thirds of the ballots are cast for expulsion, such shall be the penalty; if two thirds of the ballots are cast for suspension, suspension shall be the penalty, and the society shall proceed to fix the duration of such suspension. If neither expulsion nor suspension is determined as the penalty as above provided, the penalty shall either be reprimand, fine, or both; if fine is determined upon, then the society shall fix the amount, not exceeding ten dollars; if reprimand is decided upon, then the accused shall be reprimanded during

the meeting by the acting president. No ballot held under this section shall be reconsidered.''

1. It does not appear from the record before us that the ballot taken on April 11th showed that two thirds of the members present failed to vote for expulsion of the accused. To be sure, the entry in the minutes, as appears from the findings, showed ''that the ballots of a majority of the members of the society then present was in favor of the expulsion of the petitioner from the society''; but this ''majority'' may have consisted of two thirds of all the members present, for all that appears in the entry or elsewhere. Besides, this vote at the instance of petitioner was by a court of competent jurisdiction adjudged to be void; and in pursuance of that decree the society was warranted in treating the matter as if no vote had ever been taken and no attempt made to ''pronounce judgment upon the verdict.'' A void vote or a void attempt to pronounce judgment did not deprive the society of jurisdiction to thereafter take a vote that would be valid under its code of procedure and pronounce a valid judgment on the verdict. The case in this respect is not different in principle from any criminal case that has been appealed and the judgment reversed for some defect or informality in pronouncing judgment in the court below and the case remanded, leaving it for the trial court to simply arraign the defendant for sentence and pronounce judgment on him in a proper manner, just as if no previous attempt had been made to do so. The reversing the judgment on the ground alone of its informality or defect would not necessarily affect the verdict. So, also, here the decree referred to in the findings in this case was not intended to annul, and did not have the effect to annul, the trial of petitioner before the committee, or to in any way affect their verdict and recommendation.

2. It is also apparent from the foregoing statement that the provision of the constitution prohibiting a reconsideration of a ballot once taken was not violated. A reconsideration implies that there is something in existence to reconsider. The first vote was void, and should be so treated for all purposes, as we have already seen.

3. The laws of the order did not provide that the accused should have notice of the time fixed for pronouncing judgment, but, to the contrary, it provided that he should not be

present when the ballot, which was the essence of the judgment, was being taken. Notice and opportunity to be present at the trial and cross-examine witnesses are provided for, and this was sufficient. Besides, the accused having filed no exceptions, there was nothing left for the society to do except by their ballot to pronounce judgment, and therefore notice at that stage of the case could avail nothing.

The judgment should be affirmed.

Cooper, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.     McFarland, J., Temple, J., Henshaw, J.